UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ CIV
STATE CASE NO.: CACE 20-002059

MARIA HNATYSZAK,

    Plaintiff,

vs.

TARGET CORPORATION,

    Defendant.

_____/

## DEFENDANT TARGET CORPORATION'S
## NOTICE OF REMOVAL

Defendant, TARGET CORPORATION, by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1441 and§ 1446, hereby gives notice of the removal to this Court of the case styled, *MARIA HNATYSZAK v. TARGET CORPORATION,* filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No.: CACE 20-002059. As grounds for this removal, the Defendant states the following:

1.  TARGET CORPORATION is a Defendant in a civil action brought against it in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Maria Hnatyszak v. Target Corporation,* Case No.: CACE 20-002059.  *See* Pl.'s Amended Compl. attached as Defendant's Exhibit "A."

2.  In the Amended Complaint, Plaintiff MARIA HNATYSZAK alleges that on or about September 22, 2017, she was a business invitee of the Defendant TARGET CORPORATION on the premises located at 16901 Miramar Parkway in Maramar, Florida when she slipped and fell on water. *Id.*  Plaintiff has brought a cause of action for negligence against TARGET. *Id.*

3.  The aforementioned action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court by the Defendant Target Corporation herein, pursuant to 28 U.S.C. §§ 1441 and 1446.  *See Darden v. Ford Consumer Fin. Co., Inc.*, 200 F. 3d 753,755 (11th Cir. 2000) (Removal jurisdiction exists only where the district court would have had original jurisdiction over the action).

4.  The Plaintiff's claim could have been filed in federal court originally, in that (a) it is an action between citizens of different states; and (b) it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

## Complete Diversity Exists

5.  Diversity exists between the parties as:

    a.  **The Plaintiff is a citizen of Florida and is not a citizen of Minnesota**: The Plaintiff's Amended Complaint is silent as to her State of citizenship and only indicates that she is a resident of Broward County, Florida. *See* Exhibit A. *See Taylor v. Appleton,* 30 F. 3d 1365, 1367 (11th Cir. 1994) (Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person); *see also* 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3602 (1984 & Supp. 2008); *Velazquez v. Advance Stores Co., Inc.,* No. 13-60740-CIV, 2013 WL 2005697, at *1 n.1 (S.D. Fla. May 15, 2013) (residency is not the equivalent of citizenship for diversity purposes).

    Accordingly, on or about March 3, 2020 the Defendant served Plaintiff with Requests for Admissions, to which Plaintiff responded on April 21, 2020

indicating that she is a citizen of Florida and she is not a citizen of Minnesota. *See* Defendant's Composite Exhibit "B," Defendant's Requests for Admissions and Plaintiff's corresponding responses thereto.

    **b. Defendant Target Corporation is a citizen of the State of Minnesota**: TARGET CORPORATION is a foreign, for profit corporation registered in the State of Minnesota with its headquarters located in Minnesota. *See* Affidavit of Daniel Moore, Director Counsel – Litigation for Target Enterprise, Inc., attesting to same, attached as Exhibit "C."

### The Amount in Controversy Exceeds $75,000.00

6.     The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees.

7.     In her Amended Complaint, the Plaintiff alleges damages in excess of $30,000.00, but with no dollar value affixed to any of the items of damages being claimed.[1] *See* Exhibit A.

8.     When it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable. *See* 28 U.S.C.A. § 1446(b); *Bermudez v. Wal-mart Stores Texas, LLC. aka Walmart Supercenter #470*, No. C–10–127, 2010 WL 2486868 at 3 (S.D.Tex. 2010); *Foster v. The Home Depot Inc.*, No. Civ.A. 05-CV-1999, 2006 WL 470596 at 2 (E.D.Pa. 2006); *Stramel v. GE Capital Small Bus. Fin. Corp.*, 955 F. Supp. 65, 68 (E.D. Tex. 1997). Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement." (emphasis added), *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010), *citing Tapscott v. MS Dealer Serv. Corp.,* 77 F. 3d 1353,

1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.,* 204 F. 3d 1069, 1072 (11th Cir. 2000). The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard; a defendant may introduce its own affidavits, declarations or other documents provided that removal is procedurally proper.  *Pretka v. Kolter City Plaza II, Inc*., 608 F. 3d 744 (11th Cir. 2010), also *see Williams v. Best Buy Co., Inc.,* 269 F. 3d 1316, 1319 (11th Cir. 2001); *Miedema v. Maytag Co.,* 450 F.3d 1322, 1330 (11th Cir. 2006); *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000) (the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal" (quotation marks omitted)); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.").

9.      "The Court gives preference to Plaintiff's own assessment of the value of her case." Black v. State Farm Mut. Auto. Ins. Co., No.: 10-80996-CIV, 2010 WL 4340281, *2 (S.D. Fla. Oct 22, 2010).  Although pre-suit settlement offers standing alone may not be determinative of the amount in controversy in any given case, when it is not apparent from the face of the Complaint that the jurisdictional amount is met, the Court can consider "other papers" received by the defendant to determine if the case is removable.  See Wilson v. Target Corporation, No. 10-80451-CIV, 2010 WL 3632794 (S.D. Fla. Sept. 14, 2010); Jade East Towers Developers v. Nationwide Mutual Ins. Co., 936 F.Supp. 890 (N.D. Fla. 1996).

10.     Courts have held that responses to requests for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b). *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. 2010), *citing Lowery v. Ala. Power Co.*,

483 F. 3d 1184, 121 n. 62 (11th Cir. 2007) (discussion of the judicial development of the term "other paper"). Medical bills also constitute "other papers." *See Bermudez*, 2010 WL 2486868 at 3. Under federal law, a party has a right to discovery for removal purposes as to the amount in controversy. *Id.* at 464, *citing Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414 (M.D. Ala. 1986).

11. In this case, the Plaintiff is alleging that as a result of the subject incident she sustained injuries to her neck, back, legs and knees.[2] *See* Exhibit "D" Affidavit of Defense Counsel, Thomas W. Paradise, Esq.

12. Prior to the commencement of the instant lawsuit, Defendant received a pre-suit demand letter from Plaintiff's counsel dated December 19, 2018 setting forth a settlement demand well in excess of the $75,000.00 amount in controversy requirement. *See* Exhibit "D."

13. To further establish the amount in controversy, Defendant propounded discovery requests on March 3, 2020 to which Plaintiff responded to on April 21, 2020. On July 21, 2020, Defendant received supplemental medical records from Plaintiff's counsel which indicated that Plaintiff underwent a surgical procedure consisting of multiple disc fusions and radiofrequency ablation to her cervical and lumbar spine on July 18, 2020. *See* Exhibit "D."

14. Defendant thereafter received the corresponding medical bills as it relates to the abovementioned procedure on August 17, 2020. *Id.* Upon review of Plaintiff's medical bills, it has been determined that Plaintiff's past medical treatment equates to approximately $301,617.38 as a result of treatment received for injuries allegedly sustained from the TARGET incident. *Id.*

---

[2] Due to HIPAA considerations, the undersigned cannot produce a copy of the Plaintiff's medical records or bills with its Notice of Removal. However, should the Court need to review the actual bills to determine whether diversity subject matter jurisdiction exists, then the undersigned will provide such documentation to the Court.

15. Plaintiff's past medical bills do not account for any monetary compensation related to probable pain and suffering and future medical care that could potentially be awarded to her by a jury. Plaintiff alleges in her Amended Complaint that she has sustained and will thereby be making claims for physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life. *See* Exhibit A.

16. Counsel for TARGET has had an opportunity to review the Plaintiff's aforementioned discovery responses, demand correspondence and related medical records and bills and attests to the fact that if awarded, the value of the Plaintiff's claimed injuries would exceed the jurisdictional requirements of this Court. *See* Exhibit "D;" *see also Black v. State Farm Mutual Automobile Ins. Co.*, No. 10–80996–CIV, 2010 WL 4340281 at *1 (S.D. Fla. Oct. 22,2010) *citing Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 755 (11th Cir. 2010) ("A defendant may introduce its own affidavits, declarations, or other documentation to meet its burden" of establishing jurisdiction). A defendant may remove a case to Federal Court based on its "valuation of the jurisdictional amount through examining the medical records provided by the Plaintiff in her [pre-suit] demand package." *Katz v. J.C. Penney Corp., Inc.,* No. 09-CV-60067, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009).

17. Based on: the Plaintiff's pre-suit demand in excess of $75,000.00; the nature of the various injuries suffered by the Plaintiff; her ensuing cervical and lumbar spine surgery allegedly as a result of the subject incident; and the monetary compensation related to pain and suffering that could be awarded to the Plaintiff by a jury the Defendant has provided the necessary "other paper" which allows TARGET and the Court to ascertain that the amount in controversy exceeds the $75,000 jurisdictional value.

**Removal is Timely pursuant to 28 U.S.C. § 1446(b)**

18.     28 U.S.C. § 1446(b) states in pertinent part that: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

19.     Although a defendant may utilize information from a demand letter to support removal, it does not trigger the running of the thirty-day period under Section 1446(b). *Jade E. Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890 (N.D.Fla. 1996). The thirty-day time period in which a defendant must remove a case starts to run from defendant's receipt of initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of minimum jurisdictional amount of federal courts. *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283 (S.D. Fla. 2013)*, citing Chapman v. Powermatic, Inc*., 969 F. 2d 160 (5th Cir. 1992). This rule promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know. *Chapman* at 163. The policies regarding removal counsel against adopting a rule that would impute knowledge of pre-suit documents to defendants; congress has made clear its intent that defendants must be circumspect in deciding whether to remove a case. *Lambertson* at 1286, *citing Village Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co*., 2009 WL 4855700 (M.D. Fla. 2009) (citing 28 U.S.C. § 1447 (c)). "As other courts have recognized, if pre-suit documents were allowed to trigger the thirty-day limitation in 28 U.S.C. 1446(b), defendants would be forced to

guess as to an action's removability, thus encouraging premature, and often unwarranted, removal requests." *Lambertson* at 1286, *citing Village Square Condo. of Orlando, Inc.*, 2009 WL 4855700 at *4.

20. The Plaintiff's original Complaint was served upon the Defendant TARGET CORPORATION on February 13, 2020 and the Amended Complaint was filed on March 3, 2020.[3] The Amended Complaint is silent as to the Plaintiff's citizenship and only states that Plaintiff is seeking damages in excess of $30,000.00. *See* Exhibit A. As such the Defendant served upon the Plaintiff discovery requests including a Request for Production. On July 21, 2020, Plaintiff's counsel provided supplemental medical records to the undersigned which indicated that the Plaintiff underwent surgery to her neck and back three (3) days prior. As such, TARGET became aware that the present amount exceeded this Court's jurisdictional requirement of $75,000.00 in controversy on July 21, 2020.

21. Therefore, this Notice of Removal is timely filed and without waiver by TARGET, pursuant to 28 U.S.C. § 1446(b).

**Procedural Matters**

22. Venue in this Court is proper pursuant to 28 U.S.C. § 1441 (a) and Local Rule 3.1 because this action is being removed from state court in which it was originally filed, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

23. Target will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d). A copy of this notice will be filed with the Clerk of the Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

24. Copies of pleadings and filings made in the Circuit Court Case No.: CACE 18-

---

[3] The Plaintiff filed her Amended Complaint to include that the Plaintiff is seeking damages in excess of $30,000.00 pursuant to the State Court's jurisdictional requirement.

020876(04) are attached hereto and made a part hereof as Composite Exhibit "E."

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on August 20, 2020 to: Brett Schlacter, Esquire, 1108 Kane Concourse, Suite 305, Bay Harbor Islands, FL 33154 [service@schlacterlaw.com; bls@schlacterlaw.com; carrel@schlacterlaw.com].

**VERNIS & BOWLING OF BROWARD, P.A.**
5821 Hollywood Blvd
First Floor
Hollywood, FL  33021
Ph: (954) 927-5330
Fax: (954) 927-5320
*Attorneys for Defendant, Target Corporation*

By:    */s/ Megan Pariti*
        Megan Pariti, Esquire
        Florida Bar No.: 1002533
        MPariti@Florida-Law.com
        Thomas. W. Paradise, Esquire
        Florida Bar No.: 907235
        TParadise@Florida-Law.com